UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

NANCY LINVILLE,                              )
                                             )
          Plaintiff,                         )
                                             )
     vs.                                     )          Cause No. 1:07-cv-1312-WTL-JMS
                                             )
COMMUNITY HOSPITAL,                          )
                                             )
          Defendant.                         )

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a motion for summary judgment filed by

Defendant Community Hospital ("Community").  The motion is fully briefed, and the

Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

*Summary Judgment Standard*

Motions for summary judgment are governed by Federal Rule of Civil Procedure

56(c), which provides that summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law."  In ruling on a motion for

summary judgment, the admissible evidence presented by the non-moving party must be

believed and all reasonable inferences must be drawn in the nonmovant's favor.  *Zerante*

*v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden

of proof on a particular issue may not rest on its pleadings, but must affirmatively

demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### *Factual Background*

The facts of record viewed in the light most favorable to Plaintiff Nancy Linville are as follow.

Linville began working for Community as a secretary in 1979. She later obtained her nursing degree and began working for Community as a registered nurse. In 1996, Linville was in an automobile accident that resulted in a back injury. As a result, she was given the following work restrictions: no lifting over 22 pounds; no repetitive bending, stooping or twisting; and only occasional overhead work (hereinafter referred to collectively as Linville's "22-pound lifting restriction").

In September 2005, Linville was working part-time as an R.N. care manager in Community's Hook Rehabilitation Department ("Hook"), with Hook accommodating her work restrictions by, for example, having co-workers perform heavy lifting instead of Linville. Due to a knee injury, Linville took a one-year unpaid administrative leave from her position. She was released to return to work in September 2006 with the same restrictions in place as before her leave.

During Linville's leave, Deborah Lyons was hired as the new head of Hook. Lyons

-2-

believed that optimum patient care required the use of full-time, rather than part-time, care

managers, so that the number of care managers who treat a given patient is limited and better

continuity of care can be achieved.  Therefore, when Linville was ready to return to work

following her leave, her part-time position no longer existed.  Linville applied for several other

positions with Community, but was not chosen for any of them.

### *Discussion*

Linville argues that Community's failure to employ her after her medical leave violated

the Americans with Disabilities Act ("ADA").  The ADA prohibits discrimination against "a

qualified individual with a disability because of the disability of such individual in regard to job

application procedures [and] the hiring, advancement, or discharge of employees."  42 U.S.C. §

12112(a).  "Disability" for ADA purpose is defined as "(A) a physical or mental impairment

that substantially limits one or more of the major life activities of [an] individual; (B) a record of

such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §

12102(2).  Community argues that the facts of record demonstrate that Linville is not "disabled"

as that term is defined by the ADA and therefore it could not have violated the ADA with respect

to her.  The Court agrees.

Linville argues that she is substantially limited in the major life activity of working due

to her 22-pound lifting restriction.

> In order to be substantially limited in the major life activity of working, the
> regulations require that the individual be "significantly restricted in the ability to
> perform either a class of jobs or a broad range of jobs in various classes as
> compared to the average person having comparable training, skills and abilities."
> A demonstrated "inability to perform a single, particular job" does not render an
> individual substantially limited in the major life activity of working.

*Squibb v. Memorial Medical Center*, 497 F.3d 775 (7th Cir. 2007) (quoting 29 C.F.R. §

1630.2(j)(3)(i)).  "A 'class of jobs' is the job from which a claimant was disqualified, as well as

all other jobs utilizing similar training, knowledge, and skills within the geographical area to

which the claimant has reasonable access."  *Id.* (citations and internal quotation marks omitted).

As the Supreme Court has explained:

> To be substantially limited in the major life activity of working ... one must be
> precluded from more than one type of job, a specialized job, or a particular job of
> choice. *If jobs utilizing an individual's skills* (but perhaps not his or her unique
> talents) *are available, one is not precluded from a substantial class of jobs.*
> Similarly, if a host of different types of jobs are available, one is not precluded
> from a broad range of jobs.

*Id.* (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, (1999) (emphasis added by

Seventh Circuit)).

   The Court agrees with Community that the holding in *Squibb* is dispositive of Linville's

claim.  The plaintiff in Squibb, like Linville, was a registered nurse who due to a back injury was

limited to "light duty" work, which precluded her from lifting patients.  Squibb argued that her

limitations precluded her from all nursing positions involving patient care and therefore she was

significantly restricted in performing a class of jobs.  The Seventh Circuit noted that "Ms.

Squibb is a professional woman holding a license in nursing; we therefore must consider her

working limitations in the context of other persons possessing similar training, skills and abilities

and the manner of jobs open to them."  *Id.* (citing 29 C.F.R. § 1630.2(j)(3)(i)).  The court then

determined that Squibb's evidence that the defendant had "available *nursing* positions, including

*patient care nursing* positions, for which all of the duties fell within her physical abilities"

precluded a finding that she could not perform that class of jobs:

> Not only has she failed to produce evidence of the range of non-patient care
> nursing positions that persons with her training could perform, within her
> restrictions, her evidence demonstrates that she may perform certain positions in
> the particular job of patient care nursing she seeks.  A person cannot demonstrate

-4-

that she is significantly limited in performing a "class of jobs" when her own
evidence demonstrates that there are jobs within the broad parameters of her
professional calling that she can perform without restriction.

*Id.*

Here, too, Linville's own evidence "demonstrates that there are jobs within the broad

parameters of her professional calling that she can perform without restriction."  She testified in

her deposition that after Community failed to hire her she worked as a home care R.N. and as a

psychiatric nurse, neither of which required any patient lifting.  Linville Deposition at 29-30.[1]

Therefore, like Squibb, there are R.N. jobs that Linville can perform, and like, Squibb, she

therefore is not significantly limited in performing a class of jobs.  *See also Mays v. Principi,*

301 F.3d 866, 869 (noting, albeit in dicta, that "[t]he number of Americans restricted by back

problems to light work is legion.  They are not disabled.").

Linville does not address the impact of *Squibb* on her case, despite the fact that

Community discusses it at length in its brief.  Rather, Linville points out that her lifting

limitation restricts her to jobs classified by the United States Department of Labor as light or

sedentary and therefore she is precluded from performing all jobs classified as medium, heavy,

or very heavy.  This, she argues, demonstrates that she is precluded from performing several

---

[1]In addition, Linville has submitted an affidavit from vocational expert Michael
Blankenship that compares the number of "skilled jobs" that Linville can perform given her
restrictions to the number she could perform if she did not have the restrictions; he opines that
there are 3,556 jobs in Indiana that "fall within the sedentary job classification which is the
current vocational profile of Nancy Linville"  It is not clear to the Court whether Blankenship is
referring to R.N. jobs in particular or another subset of sedentary jobs; if the former, that is
further evidence that there are relevant jobs that Linville can still perform.  Indeed, the Court
notes that Blankenship's figures are based upon different–and far more severe–restrictions than
those that Linville alleges she was under during the relevant time period; presumably, then, there
were even more jobs Linville could perform with her 22-pound lifting restriction than the 3556
jobs she could perform with the far more severe restrictions relied upon by Blankenship.

"classes" of jobs.  Linville's argument finds some support in the following language of 29 C.F.R.

Pt. 1630, App. § 1630.2(j):

> An individual who has a back condition that prevents the individual from
> performing any heavy labor job would be substantially limited in the major life
> activity of working because the individual's impairment eliminates his or her
> ability to perform a class of jobs.  This would be so even if the individual was
> able to perform jobs in another class, e.g. the class of semi-skilled jobs.

However, as *Squibb* makes clear, the relevant "class" of jobs for ADA purposes for an R.N. such

as Linville is R.N. jobs.  Therefore, the fact that Linville is generally unable to perform jobs in

the very heavy, heavy and medium ranges is irrelevant.[2]

### *Conclusion*

In light of the holding of *Squibb*, which the Court finds indistinguishable from this case,

Linville has failed to submit any evidence from which a reasonable juror could find that she was

"disabled" as that term is defined by the ADA.  Accordingly, Linville cannot maintain an action

for violation of the ADA, and Community's motion for summary judgment is **GRANTED** in its

entirety.

SO ORDERED:   09/25/2009

_William J Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

[2]The Court notes that the cases relied upon by Linville, *DePaoli v. Abbott Labs.*, 140 F.3d 668 (7th Cir. 1998), and *Dalton v. Subaru Isuzu Automotive, Inc.*, 141 F.3d 667 (7th Cir. 1998), are distinguishable from the instant case.  Both of those cases involved assembly line workers who had submitted evidence that because of repetitive stress injuries and resultant restrictions they were no longer able to perform virtually any type of assembly line work. Therefore, unlike Linville (and Squibb), those plaintiffs had defined the class of work–assembly line work–and demonstrated that they were unable to perform "virtually any" of the jobs available within that class.  Here Linville has produced no such evidence, especially in light of the fact that Blankenship did not opine regarding the number of R.N. jobs a person with a 22-pound lifting restriction could perform.